## Louisville & Nashville R. R. Co. v. Cooper, et al.

(Decided March 2, 1911.)

### Appeal from Henderson Circuit Court.

Railroads—Negligent Shipment of Sheep—Hot Weather—Crowding the Car—Damages.—The question in this case is whether a car-load of sheep and lambs shipped from East St. Louis to Hender-son, Ky., were caused to die by reason of delay in the railroad company in their shipment and in being crowded in the cars in hot weather. Held, that the trial court submitted the case to the jury by proper instruction, and in our opinion there was evidence to the effect that the manner of transportation caused the injury and death of some of the sheep to the value of $400 as found by the jury.

YEAMAN & YEAMAN, BENJAMIN D. WARFIELD and CHAS. H. MOORMAN for appellant.

CLAY & CLAY and MONTGOMERY MERRITT for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellees purchased in East St. Louis about three hundred sheep to be shipped to Henderson, Ky. The purchase was made July 31, 1909, when it was very warm weather. The sheep were loaded about four o'clock p. m., the lambs on the upper and the sheep on the lower deck of the car, with the expectation that they would be started out by six o'clock of the same afternoon and would arrive in Henderson about three o'clock the next morning. They were not started, however, until about eleven twenty-five that night and arrived at How-ell, Indiana, about nine o'clock the next day and were shipped from there to Henderson, according to appel-lant's testimony, about one twenty p. m. and arrived in Henderson at two fifteen p. m. of the same day, but, ac-

cording to appellees' testimony they were not shipped from Howell until after two o'clock p. m. and did not arrive in Henderson until three fifteen p. m. of the same day. When the sheep reached Henderson and were unloaded, two of the lambs were found dead in the car and all were in very bad condition, according to appellees' testimony. During a period of five weeks from the time they were unloaded, 103 of the lambs and 19 of the sheep died. For the first few days after they were received they died at the rate of ten or fifteen a day, but the rate gradually grew less until they ceased to die at the end of five weeks.

Appellees' testimony tends to show that by reason of the negligence of appellant they were delayed in starting from East St. Louis and were delayed in Howell, Indiana, four or five hours; that the sheep were kept in the car in the yards in Howell without any care or attention by reason of which they were injured and the number before stated died. Appellees claim $610 damages for the ones that died and for injury to those that recovered.

The trial in the lower court resulted in a verdict and judgment in favor of appellees for $400. Appellant claims that it was entitled to a peremptory instruction because it showed there was no unreasonable delay in the transportation of the sheep; that there was no train at East St. Louis to take them out before eleven twenty-five p. m., the time at which they did go out; that that train should have started from there at nine o'clock p. m.; that it did not reach Howell, Indiana, until the train due out from that point to Henderson had gone and there was no other train to take them to Henderson until one twenty the next afternoon, when they were carried from Howell to Henderson. There was no reason given why the train at East St. Louis was behind time in starting. It was shown that a stock train left East St. Louis at seven o'clock p. m. which passed through Henderson going south, but it was not scheduled to stop there and for that reason the sheep were not shipped by that train. Nor is there any reason given why the train was not started from Howell sooner, other than there was no train scheduled to start before one twenty p. m. It is evident from the testimony that the sheep received most of their injuries from the stop in the yards in Howell, Ind., in mid-day on the first of August and from four to eleven on the last day of July at East St. Louis. The sheep

were crowded in the car so that they could hardly turn around and the train was still at these times. All the witnesses who testified on the point, said that under such circumstances it would not have injured the sheep if the train had been moving as that would have created a breeze and kept them cool. Appellant claims there was no testimony as to where these sheep were shipped from to East St. Louis or that they were healthy when loaded there to be shipped to Henderson; that they might have had some disease before they left East St. Louis which caused their deaths. A man by the name of Miller, a salesman at the stock yards in East St. Louis, sold the sheep to appellees and testified that they were shipped to East St. Louis from the States of Illinois and Missouri; that they were in good condition when loaded on the car; they had been inspected by government inspector and dipped before shipment. Several other witnesses for appellees testified that they had examined several of the sheep after they had died and found nothing indicating disease. These facts made a question for the jury to determine The court told the jury that it was the railroad company's duty to transport and deliver the sheep at Henderson with reasonable promptness and dispatch, and that if it failed to use ordinary care to so transport and deliver them and by reason of such failure, if any, the sheep or some of them were caused to die and were thereby injured and depreciated in market value, if any, then they should find for appellees and award them damages; that unless they believe they failed to transport the sheep with ordinary dispatch or that their death or injury were caused by the negligent delay in transporting them, they should find for appellant. The court submitted the matter to a jury by proper instructions and it found for appellees. In our opinion, there was evidence to the effect that the manner of transportation caused the injury to and the death of some of the sheep.

For these reasons the judgment of the lower court is affirmed.